# OPINIONS PER CURIAM.

THE MISSOURI, KANSAS & NORTHWESTERN RAILROAD
COMPANY *et al.* v. J. I. SHEPPARD *et al., as Part-
ners, etc.*

No. 14,044.     (82 Pac. 787.)

PRACTICE, SUPREME COURT—*Failure to Incorporate Evidence in
Record—Presumption.* Where a demurrer to the evidence
offered by defendants in support of the validity of a cer-
tain condemnation proceeding was sustained, and upon re-
view the record did not purport to contain the evidence intro-
duced by either party, it was presumed that the defendants
failed to establish a valid and legal proceeding.

Error from Labette district court; THOMAS J. FLAN-
NELLY, judge. Opinion filed October 7, 1905. Affirmed.

*R. W. Blue,* and *W. W. Brown,* for plaintiffs in error.
*Sapp & Wilson,* for defendants in error.

*Per Curiam:* The plaintiffs sought by this action to
recover damages from the defendants for entering
upon, grading and building a line of railroad upon the
lands occupied by the plaintiffs in mining coal. In
the construction of the railroad the defendants filled
up one of the mines, and stopped the ditches which car-
ried the water from others, thereby causing the water
to back up and run into such mines. The defendants
justified their right to make the grades and excava-
tions on the land under a condemnation proceeding,
by which the right of way had been condemned to the
use of the railroad company for building its line.

The question attempted to be presented to this court
is the regularity and legality of such condemnation
proceeding. After the issues had been made up the
following stipulation was entered into by the parties:

"It is hereby stipulated and agreed that the issues

in the above cause are to be tried in the following order:

"(1) The question of the validity of the condemnation proceeding of the defendants shall be tried by the court at the June, 1903, term; the defendants to present said condemnation proceeding and such evidence as they see fit in support thereof; the plaintiffs to submit any proof they may deem material in opposition thereto; the court to determine that question at that term.

"(2) The other issues in said case to be tried at the next term of said court by a jury."

The journal states the further proceedings as follow:

"And on the 11th day of June, 1903, the same being one of the days of the regular June term of said district court of Labette county, Kansas, for the year 1903, the said case came on to be heard upon the validity of the condemnation proceeding set forth in the second defense of the answer of both of said defendants, and the same was taken under advisement by the court and decided on the 3d day of October, 1903, the same being one of the days of the adjourned June term of said court for the year 1903, as shown by the journal entry of said court, which is in words and figures as follow, to wit:

"On the 13th day of June, 1903, the same being one of the regular days of the June term of said district court of Labette county, Kansas, for the year 1903, the above cause came regularly on to be heard before the said court upon the validity of the condemnation proceeding as set forth in the second defense of the separate answer of the said defendant the Missouri, Kansas & Northwestern Railroad Company, and the second defense of the separate answer of the defendant the Missouri, Kansas & Texas Railway Company, as provided in the stipulation filed in this cause, said stipulation being in words and figures following: [Here follows the stipulation quoted above.]

"And Sapp & Wilson appearing as attorneys for said plaintiffs, and T. N. Sedgwick and Blue & Hamilton appearing as attorneys for said defendants, the said defendants presented their condemnation proceeding, and the evidence in support of the validity thereof; and having closed their evidence in support of the va-

lidity of said condemnation proceeding, and rested, the said plaintiffs filed their demurrer to the evidence of said defendant the Missouri, Kansas & Northwestern Railroad Company, and also their demurrer to the evidence of said defendant the Missouri, Kansas & Texas Railway Company; the same, being argued by counsel for the respective parties, was submitted to the court, and the court took the matter of the ruling and decision of the questions raised by said demurrers to the evidence under advisement.

"And now, to wit, on this 3d day of October, 1903, the same being one of the days of the adjourned June term of said court for the year 1903, the said court having duly considered said questions raised by said demurrers, and being fully advised in the premises, does sustain both of said demurrers to the evidence in support of the validity of said condemnation proceeding, to which ruling of the court in sustaining said demurrers to said evidence both of said defendants duly excepted; and the court, having sustained said demurrers to said evidence, as aforesaid, does find that said condemnation proceeding as set forth in the second defense of the respective answers of said defendants acquired no rights upon, in or to the premises described in plaintiffs' petition by virtue thereof, to which finding and judgment both of said defendants duly excepted; and the said cause is continued until the next term of this court for final trial on the other issues therein, as provided by said stipulation."

At the next term of court it was agreed by the parties that the plaintiffs had sustained damages to the amount of $500, and thereupon judgment was rendered against the defendants for that amount.

Error is predicated upon the order of the court sustaining the plaintiffs' demurrers to the evidence offered by the defendants in support of the validity of the condemnation proceeding. The record does not purport to contain the evidence introduced by either party upon that question. Therefore, this court cannot say that such evidence supported the contention of the defendants, but must presume that they failed in their proof to establish a valid and legal condemnation proceeding. For this reason the ruling of the court is sustained and the judgment affirmed.